MARKHAM v. A. E. BORDEN
CO., Inc., et al.

No. 4729.

United States Court of Appeals,
First Circuit.

Aug. 21, 1953.

Rehearing Denied Oct. 20, 1953.

Cedric W. Porter, Boston, Mass. (Raymond E. Bernard, Heard, Smith, Porter &

Chittick and Brown, Field & McCarthy, Boston, Mass., on the brief), for appellant.

Irving U. Townsend, Jr., Boston, Mass. (Emery, Booth, Townsend, Miller & Weidner, on the brief), for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment entered in the United States District Court for the District of Massachusetts on November 24, 1952, dismissing the complaint in a copyright infringement suit. Plaintiff, C. R. Markham, is a Chicago, Illinois, advertiser and the defendants are a Massachusetts corporation and its officers and directors, citizens of that state.

The Markham copyrights consist of trade catalogs of refrigeration supplies and accessories allegedly compiled from more than a year of extensive research and at an expense of about $60,000. A. E. Borden Co., Inc., distributed two catalogs in 1948 and 1950 which contained the alleged infringements. In view of the long and painstaking opinion of the court below, reported in 108 F.Supp. 695, we think it is unnecessary for us to elaborate on the facts.

The district court found that the defendant copied from the plaintiff certain copyrightable material; that the plaintiff had a valid copyright on this material and that the defendant had not resorted to a common source; that there were nine instances of such copying from the hundreds of items listed in the trade catalogs. However, the district court held that despite this copying of copyrighted material there had been no infringement because the copying was not "material and substantial."

The appellant contends that this rule of law was erroneously applied in view of § 3 of the Copyright Act, the component parts section.[1] This section affords a blanket

---

1. 17 U.S.C. § 3 provides:
 "Protection of component parts of work copyrighted; composite works or periodicals
 "The copyright provided by this title shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the

protection for magazines, periodicals and the like by providing that one copyright on such a publication will protect each part thereof as if it had been separately copyrighted. See King Features Syndicate v. Fleischer, 2 Cir., 1924, 299 F. 533. Therefore, it is asserted that the test of material and substantial infringement has no application to the catalogs in this case.

We are constrained to agree with the appellant's contention. The record before us amply supports the finding of the district court that the appellant's description and presentation of certain refrigeration supplies, synthesized from data which the appellant assembled, contained the degree of originality which entitles him to copyright protection. This protection is clearly delineated in 17 U.S.C. § 3 and we perceive no reason for the inapplicability of that section.

The appellee asserts that § 3 is inapplicable because it expressly protects only "composite works or periodicals", whereas the catalogs in this case are mere compilations, covered by § 7[2] rather than § 3. In support of this argument, the appellee cites the definition of Judge Learned Hand, in Shapiro, Bernstein & Co. v. Bryan, 2 Cir., 1941, 123 F.2d 697, 699, " * * * 'composite works,' by which we understand those to which a number of authors have contributed distinguishable parts, which they have not however, 'separately registered' * * *." We agree with this statement but essentially it means that "composite works" are those which contain distinguishable parts which are separately copyrightable. See King Features Syndicate v. Fleischer, supra. We think that the appellee unjustifiably expands this concept in its assertion that, "In other words, section 3 of the Act simply makes clear that, where the work is of a character having a number of separately authored distinguishable and individually copyrightable component parts—components like the separate stories in a weekly magazine—then the one copyright taken on the whole composite work does protect each such component part as though the separate authors had individually copyrighted each his own part."

There is nothing in the statute to indicate that the protection of component parts is limited to composite works whose parts are separately authored. A broader protection is more consistent with the general purposes of the Copyright Act and is clearly within the language of § 3. An original achievement in the publication of a trade catalog, such as in this case the authorship of a comprehensive library, concisely describing the function and utility of refrigeration supplies, would have to be protected as to all component parts in order for the protection to be meaningful. Otherwise, if only the whole catalog were protected, and not each of its parts, then various wholesalers could select just a few items from the copyrighted catalog, according to each wholesaler's particular inventory, or according to each wholesaler's particular preference for certain illustrations or descriptions. If such a selective pirating were allowed by applying the "material and substantial" test to the whole catalog rather than to each of its parts, then the copyright on the catalog would seem to

proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this title. July 30, 1947, c. 391, § 1, 61 Stat. 652; Oct. 31, 1951, c. 655, § 16(a), 65 Stat. 716."

2. 17 U.S.C. § 7 provides:
"*Copyright on compilations of works in public domain or of copyrighted works; subsisting copyrights not affected*

"Compilations or abridgments, adaptations, arrangements, dramatizations, translations, or other versions of works in the public domain or of copyrighted works when produced with the consent of the proprietor of the copyright in such works, or works republished with new matter, shall be regarded as new works subject to copyright under the provisions of this title; but the publication of any such new works shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof, or be construed to imply an exclusive right to such use of the original works, or to secure or extend copyright in such original works. July 30, 1947, c. 391, § 1. 61 Stat. 652."

have very little value. Such a result would be inconsistent with the policy of protecting original achievements in this area and the statutory language does not indicate that such a result was intended.

 The district court found that the nine items which defendant copied from the plaintiff did not derive from a common source, from some work in the public domain. In view of this finding, it is a true but irrelevant assertion in appellee's brief that "section 3 of the Act obviously may not be applied to a trade catalog compilation, a mere collection and alteration of things already in the public domain * *." The plaintiff did not merely collect and alter existing descriptions of refrigeration supplies. He collected data on the supplies and conceived a lucid and forceful description by arrangement of the essential data. The district court found this effort sufficiently original to justify copyright. The originality consists in the description of each item, not in the arrangement of the various descriptions. Therefore, each copyrightable item in plaintiff's catalog is a component part protected by § 3.

Some decisions contain dicta which confuse the distinct question of the separate protection of a component part with the material and substantial test, which applies to infringement generally, either of a part or of a whole. See Mathews Conveyor Co. v. Palmer-Bee Co., 6 Cir., 1943, 135 F.2d 73; Perkins Marine Lamp & Hardware Co. v. Goodwin Stanley Co., D.C.N.Y.1949, 86 F.Supp. 630; Sieff v. Continental Auto Supply, D.C.Minn.1941, 39 F.Supp. 683. This confusion apparently originates in the indiscriminate use of a rule which has its chief utility in protecting literary and scientific endeavors, e. g. Toksvig v. Bruce Pub. Co., 7 Cir., 1950, 181 F.2d 664; Henry Holt & Co., to Use of Felderman v. Liggett & Myers Tobacco Co., D.C.Pa.1938, 23 F. Supp. 302, and the danger of confusion is increased by a failure to distinguish between a compilation such as a city directory, R. L. Polk & Co. v. Musser, D.C.Pa.1952, 105 F.Supp. 351, affirmed 3 Cir., 1952, 196 F.2d 1020, and a composite work.

However, the component parts of trade catalogs have been protected under § 3 without any inquiry as to whether the whole catalog was materially and substantially infringed. In Da Prato Statuary Co. v. Giuliani Statuary Co., C.C.Minn. 1911, 189 F. 90, at page 93, the court said: "The complainant having copyrighted its entire catalogue was entitled to the protection of the copyright law as to each cut contained therein; * * *." Other cases have held likewise. National Cloak & Suit Co. v. Kaufman, C.C.Pa.1911, 189 F. 215; Lindsay & Brewster, Inc., v. Verstein, D.C.Me.1937, 21 F.Supp. 264; see Basevi v. Edward O'Toole Co., D.C.N.Y. 1939, 26 F.Supp. 41. The findings in the instant case, which are amply supported by the record, require the application of § 3 of the Copyright Act and the result is that nine of the plaintiff's component parts have been infringed in each of the catalogs published by the defendant in 1948 and 1950, making a total of eighteen infringements. It was erroneous for the district court to rule that these nine instances of copying did not amount to infringement.

 Since there is no showing on the amount of damages arising from these infringements, the plaintiff is entitled to be compensated in the manner provided in 17 U.S.C. § 101(b). We think it is inappropriate for us to assess these damages, as appellant has urged. This highly discretionary function, see F. W. Woolworth Co. v. Contemporary Arts, 1952, 344 U.S. 228, 73 S.Ct. 222 and Douglas v. Cunningham, 1935, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862, is best performed by the trier of the facts. This is especially so in this case in view of the finding of the district court that Borden distributed its two infringing catalogs with notice of the plaintiffs' copyright, and therefore the trial court is not confined by the statutory limitations in its assessment of damages.

The judgment of the district court is reversed and the case is remanded to that court with direction to assess damages and enter judgment for the plaintiff; appellant recovers costs on appeal.