Lillian E. MARKHAM, Administratrix
(By Substitution), Plaintiff-
Appellant,

v.

A. E. BORDEN CO., Inc., et al.,
Defendants-Appellees.

No. 4857.

United States Court of Appeals
First Circuit.

Argued March 1, 1955.

Decided April 27, 1955.

Cedric W. Porter, Boston, Mass., with whom Raymond E. Bernard, Heard, Smith, Porter & Chittick and Brown, Field & McCarthy, Boston, Mass., were on brief, for appellant.

Irving U. Townsend, Jr., Boston, Mass., with whom Robert A. Townsend and Emery, Booth, Townsend, Miller & Weidner, Boston, Mass., were on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a final judgment for damages of $2250 awarded to the plaintiff by the United States District Court for the District of Massachusetts in a copyright infringement action arising out of the A. E. Borden Co.'s publication of two refrigeration and air conditioning equipment catalogs. The sole issue in this case, which is brought upon appeal by the plaintiff, is whether the trial court was in error in its award of damages.

This action was previously litigated before this court in Markham v. A. E. Borden Co., 1 Cir.,1953, 206 F.2d 199 wherein we reversed the district court which, after finding that the Borden Co. had copied in its B-48 and C-50 catalogs some of the plaintiff's copyrighted material, declared that such copying did not result in an appropriation of the labors of the plaintiff to an injurious extent, and thus did not constitute an infringement.

We held that the individually copyrightable component parts of the plaintiff's copied catalogs were entitled to the protection of § 3 of the Copyright Act,[1] as to hold otherwise would result in the

---

1. 17 U.S.C.

"§ 3. *Protection of component parts of work copyrighted; composite works or periodicals*

° "The copyright provided by this title shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this title."

copyright on a catalog having little value —a result which would be clearly inconsistent with the purpose of the Copyright Act. It is important to point out that in the preparation of the plaintiff's catalog which he supplied to various wholesale dealers of refrigeration parts and supplies, each page was a separate unit which could be used in some catalogs and not in others depending upon whether the particular wholesaler stocked the refrigeration parts or supplies described on that particular page. We found that in building his library of catalog pages the plaintiff conceived a lucid and forceful description of these refrigeration parts and supplies by an original arrangement and condensation of the data supplied to him by the manufacturer. In other words, the plaintiff's originality consisted in the description of each item, not in the arrangement or compilation of the various descriptions and therefore each copyrightable item in the plaintiff's catalog was a component part protected by § 3 of the Copyright Act.

Although this court reversed the district court we refused to assess damages holding that this highly discretionary function is best performed by the trier of the facts. The district court, following a hearing on the question of damages, awarded the plaintiff $2250, the memorandum and order of judgment not expressly stating whether the award was based on actual damages to the plaintiff and profits to the infringer, or was statutory damages in lieu of actual damages and profits under 17 U.S.C. § 101(b).[2] It is clear to us that the judgment was one for statutory damages. We expressly held in our previous opinion that " * * there is no showing on the amount of damages arising from these infringements * * *" [206 F.2d 202] and as the Borden Co., a wholesaler and manufacturer representative dealing in refrigeration and air conditioning equipment, apparently distributed its catalogs to its customers gratuitously, no showing was made of any profits accruing to it through such distribution. Moreover, the trial court used the words "fair award" in its memorandum opinion. These words strongly suggest that the court, rather than awarding actual damages and profits, applied the statutory damages provision of 17 U.S.C. § 101(b) which states that damages "in lieu of actual damages and profits" shall be in an amount "as to the court shall appear to be just".

The Supreme Court has held that within the minimum and maximum limits set by Congress " * * * the court's discretion and sense of justice are controlling * * *" in its award of statutory damages. L. A. Westermann Co. v. Dispatch Printing Co., 1914, 249 U.S. 100, 106, 39 S.Ct. 194, 196, 63 L.Ed. 499; F. W. Woolworth Co. v. Contemporary Arts, 1952, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276. In the instant case we are concerned only with whether the trial court awarded less than the minimum $250 damages for each infringement. The trial court having awarded total damages of $2250 and the minimum damages for each infringement being $250, its judgment will be sustained unless the record establishes that there

2. "§ 101. *Infringement*

  *   *   *   *   *   *

"(b) *Damages and profits; amount; other remedies.*—To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement, and in proving profits the plaintiff shall be required to prove sales only, and the defendant shall be required to prove every element of cost which he claims, or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regardgarded as a penalty. But the foregoing exceptions shall not deprive the copyright proprietor of any other remedy given him under this law, nor shall the limitation as to the amount of recovery apply to infringements occurring after the actual notice to a defendant, either by service of process in a suit or other written notice served upon him. * * *"

588

were more than nine infringements of the plaintiff's copyrights. If there were more than nine infringements, it would be a necessary conclusion that the trial court had awarded less than the $250 minimum damages for each infringement imposed by the statute.

Upon re-examination of the record with special attention to the trial court's findings of fact in its first opinion, it is our conclusion that a finding that there were not more than nine validly pleaded and proved infringements was not erroneous.

The judgment of the district court is affirmed.