AMPLEX MANUFACTURING COMPANY

v.

A. B. C. PLASTIC FABRICATORS, INC.,
and
Mr. Jules Bellak
and
Mr. Andrew Andreola
and
Mr. Irving Cohen.
Civ. A. No. 28030.

United States District Court
E. D. Pennsylvania.
June 7, 1960.

**286**

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Erwin L. Pincus, Modell, Pincus & Hahn, Philadelphia, Pa., for defendants.

CLARY, District Judge.

This is an action for copyright infringement—the plaintiff asking this Court to enjoin the defendant from distributing its new sales catalog because of alleged infringing matter contained therein. Title 17, U.S.C.A. § 3. Both corporations produce component parts for the makers of signs. In particular they both make plexiglass letters, numbers and figures which are used in various signs—from the huge supermarket sign to the small letter insert signs in the marquee of a neighborhood theatre.

In 1957 and again in 1959 the plaintiff went to the expense of assembling and distributing a comprehensive catalog of its products for the purpose of increasing its sales. To protect its rights in these catalogs, they were copyrighted and a

notice of such protection against infringement was placed in the front of each.

Recently the defendant, a substantial competitor of the plaintiff, also decided to produce and distribute a catalog which it did not copyright. Approximately 500 of these catalogs were circulated to its distributors. When the catalog was brought to the plaintiff's attention, it noticed that several of the defendant's illustrations were identical or substantially identical with those appearing in the plaintiff's catalog. The plaintiff immediately notified the defendant by mail that its catalog violated the plaintiff's copyright and demanded that the defendant reacquire all of these catalogs already distributed, desist from distributing the remainder of its catalogs to its prospective customers (the facts show that the defendant is about to distribute the remainder of the 4,875 catalogs to its customers), and cease distributing the infringing catalogs in the future. Having received no assurance that the defendant would so act, the plaintiff corporation asks this Court to issue a permanent injunction[1] against defendant granting the aforementioned relief along with damages.

The matter which allegedly infringes the plaintiff's copyright is found on Pages 3, 4, 6 and 28 of the defendant's catalog. The illustration appearing on Pages 3 and 4 of defendant's catalog (which is the same on both pages) is an illustration of the alphabet in white against a dark green background—the letters being what is known in the lettering business as *Egyptian Standard* style lettering. The illustration on Page 6 of defendant's catalog is similar to that on Pages 3 and 4 except the letters there are in *Condensed Egyptian* style. These two styles of lettering are well known in the industry. They are extensively used because of their clearness. The plaintiff makes no claim to the right to exclusively

1. Although the plaintiff originally petitioned for preliminary injunction, at the hearing on the petition both parties agreed to treat the matter as a motion for a final injunction.

use such lettering and indeed could not, since they are obviously within the public domain. The plaintiff does claim that these illustrations, which were produced by photo engraving original pen-and-ink line drawings specially prepared for the plaintiff, are protected under his copyright against identical reproduction by the defendant. It also claims the same protection as to three sketches which illustrate materials sold by both parties. The sketches, found on Page 28 of defendant's catalog, are of (1) a can of Ethylene Dichloride, with the only visible marking on this "can" (aside from the shadowing effect) being the large letters E D C; (2) a can of Miracle brand insulation adhesive which appears to be a sketch of an actual can of that product; and (3) a spool of wire with a small part of the wire unwound, intending to illustrate nichrome wire.

A hearing was held, at which an officer of the plaintiff corporation and an officer of the defendant corporation (who is also a defendant in this action) testified. Both sides introduced a number of exhibits. Little need be said concerning this hearing. At its conclusion, the Court was convinced of two things: (1) The wrongs which the defendants are alleged to have committed by copying the said illustrations have not caused injury to the plaintiff's business by confusing the defendant's product with the plaintiff's, or in any other way *except* perhaps by allowing the defendant to produce its catalog cheaper and by reflecting the amount saved in the form of a less expensive or more improved product in competition with the plaintiff's product (such loss, however, would appear to be minimal); (2) the matter complained of on Pages 3, 4, 6 and 28 of defendant's catalog were intentionally copied from the plaintiff's catalog or at least from another catalog which had in turn been copied from the plaintiff's catalog.

The sole issue before us as we see it is: Did the defendant, by copying the several illustrations out of the plaintiff's catalog, infringe the plaintiff's copyright? The defendant raises an issue which appears to have caused a certain amount of disagreement among the courts, i. e., assuming that a particular work as a composite whole is copyrightable (in our case the plaintiff's catalog), must a component part of that work, in order to be protected, also be copyrightable? The language of the Act as well as several cases would appear to call for an affirmative answer to this question. 17 U.S.C.A. § 3; Inter-City Press, Inc. v. Siegfried, D.C.W.D.Mo.1958, 172 F.Supp. 37; Conde-Nast Publications v. Vogue School of Fashion Modelling, Inc., D.C.S. D.N.Y.1952, 105 F.Supp. 325. However, for a contrary holding, see Markham v. A. E. Borden Co., 1 Cir., 1953, 206 F.2d 199, and Metro Associated Services v. Webster City Graphic, D.C.N.D.Iowa 1953, 117 F.Supp. 224. Since we believe that the particular items which the defendant copied are clearly copyrightable, we need not pass upon this issue.

Applying the extremely liberal tests which have been used to determine whether an illustration is capable of copyright, we think it beyond question that both the arrangements of the Egyptian and Modified Egyptian lettering appearing on Pages 18 and 20 of the plaintiff's catalog and the several illustrations of products appearing on Page 54 of the plaintiff's catalog contain enough originality and creativeness to justify protection under the Copyright Act, 17 U.S.C.A. § 1 et seq. Since the case of Bleistein v. Donaldson Lithographing Co., 1903, 188 U.S. 239, 23 S. Ct. 298, 47 L.Ed. 460, only a modicum of originality has been required to justify copyright protection. See also Alfred Bell & Co. v. Catalda Fine Arts, Inc., 2 Cir., 1951, 191 F.2d 99; Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 1932, 61 F.2d 131; Brightley v. Littleton et al., 3 Cir., 1888, 37 F. 103; Bradbury v. Columbia Broadcasting System, Inc., D.C. S.D.Cal.1959, 174 F.Supp. 733; Trifari, Krussman & Fishel, Inc. v. Charel Co., D.C.S.D.N.Y.1955, 134 F.Supp. 551; R. L. Polk & Co. v. Musser, D.C.E.D.Pa. 1952, 105 F.Supp. 351; Weil, American Copyright Law, 226 (1917).

In the light of this authority we feel that the plaintiff's illustrations have satisfied the bare minimum requirements of the Copyright Act. Although the Egyptian lettering may be but an arrangement of letters which themselves were undoubtedly part of the public domain, the distinguishable variation in the arrangement and manner of presentation—the dark background, the particular size of the letters, their spacing, their arrangement into three rows—all combined to give the product independent authorship worthy of protection against copying. This is even more evident in the case of the drawings of the several products, which, although simple in form, present an original effort at illustration of the particular products. Having gone to the trouble of independently producing these illustrations and thereafter copyrighting them, the plaintiff will be protected against intentional copying by a competitor. If it be argued that these drawings contain an extremely small degree of skill and originality, the answer would seem to be that so long as they contain enough skill and originality to justify another's copying them, contrary

to copyright notice against such copying, such copying will be enjoined.[2]

Since we hold that the plaintiff's illustrations were entitled to copyright protection and that the defendant has clearly infringed them, the question of a remedy remains.[3] Section 101 of Title 17, U.S.C.A., gives the Court broad discretion in this matter. In exercising this discretion, the Court here will take into consideration both the fact that the infringement was willful and the plaintiff has suffered no immediate financial loss as a result of this infringement. We point out, however, that the integrity of our Copyright Laws must be protected. The defendants were on notice that the unauthorized use of any portions of the illustrations contained in plaintiff's catalog would subject them to prosecution. They ignored that notice. Now they will be held liable: (a) to an injunction restraining such infringement; (b) to assemble and deliver up on oath for destruction all catalogs which infringe plaintiff's copyrights together with all plates, molds, matrices, or other means for making such infringing catalogs; (c) to pay to the plaintiff, as damages, the sum of $500, under the provisions of Title 17 U.S.C.A. § 101.

2. A clear example of the degree of originality required to justify copyright protection is well illustrated in those cases involving the protection of a list of compilations such as a city directory. R. L. Polk & Co. v. Musser, D.C.E.D.Pa. 1952, 105 F.Supp. 351.

3. In its complaint and at trial the plaintiff also complained of the defendants' use in their catalog of a photograph showing a large outdoor hotel sign, the letters of which were in fact manufactured by the plaintiff. Its argument on that

point rested upon a claim of unfair competition rather than copyright infringement. Since there is nothing which would clearly distinguish the lettering in the sign as that of the plaintiff and the likelihood of confusion among defendants' customers as to the source of its product is extremely doubtful, we have not included this picture in our injunction. Discretion in the matter, however, would appear to call for its elimination from any of the defendants' future catalogs.