**B & B AUTO SUPPLY, INC.**, an Illinois corporation, Plaintiff,

v.

James **PLESSER**, doing business under the name and style of Anvil Products Div., Export Division of Hamos Company, Defendant.

United States District Court
S. D. New York.

Feb. 23, 1962.

Allesio & Kirby, New Hyde Park, Long Island, for plaintiff (John Brezina, Chicago, Ill., of counsel).

Kupferman & Price, New York City, for defendant (Theodore R. Kupferman, New York City, of counsel).

COOPER, District Judge.

This is an action for infringement of the copyright on a trade catalog brought under the provisions of Title 17 U.S.C.A., in which plaintiff seeks the customary relief of damages, an injunction, and an accounting of profits. In addition, the complaint contains a claim based upon alleged unfair competition by defendant.

The case was tried before the court without a jury. Plaintiff, B & B Auto Supply, Inc. (hereinafter referred to as B & B), is a corporation organized under the laws of the State of Illinois, with its principal place of business in the City of Chicago. The defendant, James Plesser, is an individual doing business under the name and style of "Anvil Products Div., Export Division of Hamos Company," with its principal place of business in New York City.

B & B is primarily a wholesaler of automotive parts and accessories; and as such it maintains a full inventory of the automotive merchandise which it offers for sale.

In order to promote the sale of its extensive line of automotive supplies, B & B regularly publishes a detailed catalog which it furnishes gratuitously to customers and prospective purchasers in order to advise them of the particulars of the various items which it keeps in stock. An issue of this catalog usually becomes obsolete after six months and is then replaced by a revised up-to-date edition.

From the evidence adduced at the trial, it is manifest that the catalog is of major importance to the conduct of plaintiff's business. In essence, the role of the catalog is to act as the "silent salesman" for the various items marketed by B & B, so that its main function is to present these items to prospective purchasers in a graphic and informative fashion and in so doing to induce or invite orders. For this purpose, the catalog also is mailed to potential customers in various foreign countries; and it plays a vital part in plaintiff's sales in the foreign market.

Plaintiff, in its complaint, alleges that defendant Plesser has infringed its copyright on B & B's Catalog No. 142, dated January, 1957. This is a 48-page trade catalog which contains descriptive material relating to automotive parts and accessories offered for sale by B & B and which bears on its second page the notice, "Copyright 1957 B&B Auto Supply Inc."

The evidence in the case distinctly discloses that plaintiff's catalog possesses such degree of originality as is required to entitle plaintiff to copyright protection. Thus, it appears that plaintiff ex-

pended substantial efforts in the gathering, assembling and synthesizing of data relating to the particular automotive items which it selected for marketing. Plaintiff would then condense such data and create for its catalog original descriptions, in text and pictures, of the specific features of the supplies which it stocked and sold. In part, this entailed the preparation of wood engravings that would accurately and graphically reveal the precise details of these items in an effective form suitable for catalog use.

The creative effort required for the preparation of these catalogs was revealed in part by B & B's president and principal stockholder, who testified that in his capacity as a corporate officer he devoted at least sixty percent of his time to the research and editorial work essential to producing the semi-annual issues of the catalog. Each issue describes a variety of different kinds of automotive parts and equipment.

As a result of model changes and the vagaries of consumer demand, new automotive parts and accessories appear on the market each year while other items become obsolete. For this reason, although much of the material in the B & B catalog is repeated from earlier catalogs, a new issue of B & B's catalog characteristically contains numerous changes in regard to the types of items listed, as well as changes in specifications, prices and other matters.

Comparison with plaintiff's prior catalogs discloses that B & B's Catalog No. 142 contains a large number of changes in data, specifications, text and prices, and, also, twenty-nine new and original wood engravings picturing diverse automotive items. It appears, according to the testimony, that the cost of the new engravings alone amounted to $377; in addition, however, there was testimony that if all the original engravings and text descriptions were taken into consideration, the total expense to B & B in publishing this catalog exceeded $25,000.

Shortly after its publication of Catalog No. 142, plaintiff duly secured from the Register of Copyrights a certificate of registration, dated October 1, 1957, covering the catalog. That certificate declared February 13, 1957 as the date of first publication of Catalog No. 142.

Defendant Plesser's catalog, from which this action stems, was published in April 1957 under the name and style of "Anvil Products Div." It, too, consists of exactly forty-eight pages, but the first and last four pages are printed on yellow paper, with the balance printed on white paper.

In both content and appearance, the front page of defendant's catalog does differ substantially from the cover page of B & B's catalog. However, that is where the difference ends. The remaining forty-seven pages of defendant's catalog constitute an almost exact facsimile of the corresponding pages in B & B's Catalog No. 142.

Defendant Plesser is in the general export business and sells any product "from soup to nuts, practically," including automotive parts and accessories. As he maintains no inventory or stock, defendant ordinarily buys merchandise only for the purpose of filling a specific order which he has received from some overseas customer. Defendant's basic mode of operation simply consists of taking orders for any items which a foreign customer has selected from a catalog or learned about through other means. Plesser then attempts to acquire such merchandise; and if successful, he exports those items to the persons overseas who have ordered them.

In April, 1957, defendant Plesser arranged for the printing of the "Anvil Products Div." catalog by means of what is known as the "photo-offset" printing process. Essentially, this involved a photographic reproduction of previously printed material. For pages two through forty-eight of the "Anvil" catalog, Plesser simply "lifted" the corresponding pages of B & B's Catalog No. 142, making only slight and minor alterations of an inconsequential nature.

Thus, defendant's catalog, except for its front page, was prepared by pasting

the text and illustrations from B & B's Catalog No. 142 onto layout sheets, which were then reproduced, through the photo-offset method, by defendant's printer. This procedure relieved defendant of the necessity of any work of his own, creative or otherwise, so far as the "Anvil" catalog was concerned.

Some sixteen thousand copies of defendant's "Anvil" catalog were printed, at a cost of approximately $1,900. Manifestly, defendant Plesser's method of producing his catalog was far less expensive than the method required by B & B to produce its Catalog No. 142. Plesser distributed between 8,000 and 12,000 copies of the "Anvil" catalog, and illustrations from this catalog were subsequently used by him to describe and acquire from suppliers the items needed to fill specific orders.

On September 27, 1957, defendant received written notice of infringement of copyright from plaintiff's attorneys.

### I

The record patently demonstrates that in preparing his "Anvil" catalog, defendant Plesser arranged for the copying of most of B & B's Catalog No. 142 practically *in toto*. By way of defense to plaintiff's claim of infringement, however, defendant alleges that B & B's catalog is in the "public domain" and hence not within the protection of the copyright laws.

■ The court finds that defendant has in no sense sustained his burden of proving the alleged invalidity of plaintiff's copyright. See Modern Aids, Inc. v. R. H. Macy & Co., 264 F.2d 93, 94 (2nd Cir., 1959).

■ Defendant argues that B & B's catalog fell into the "public domain" for the reason that it also was published by Denmay Merchandising Company, a trade name or style which B & B used, and by Major Products, Inc., a corporation owned and controlled by the same persons who owned and managed B & B.

At no time did B & B assign its copyright to these (or any other) companies.

However, defendant urges that since the required notices of copyright appearing in those catalogs named the Denmay and Major companies, respectively, as copyright proprietors, it follows that the work entered the "public domain" and that B & B thereby forfeited its copyright in Catalog No. 142. After due and full consideration, the court finds that this argument must be rejected.

The evidence adduced at the trial plainly shows that defendant Plesser actually produced his "Anvil" catalog by deliberately and unabashedly copying forty-seven pages of material from B & B's Catalog No. 142, which in fact contained the notice, "Copyright 1957, B & B Auto Supply, Inc." 17 U.S.C.A. § 19.

■ As has been aptly observed, the underlying purpose of the notice requirement is to prevent innocent persons who are unaware of the existence of the copyright from incurring penalties for making use of the copyright work. See, e. g., National Comics Publications, Inc. v. Fawcett Publications, Inc. et al., 191 F.2d 594, 602 (2nd Cir., 1951).

In the present case, it is apparent that defendant Plesser was in no way prejudiced as a result of the additional publication of the catalog with the notices naming the other companies. Indeed, it has not been shown that defendant was even aware of the publication of the catalog with such other notices at the time when he knowingly copied the contents of B & B's Catalog No. 142 in April 1957, some two months after its first publication.

■ Nor did the publication of the catalog by B & B with such notices, under the facts and circumstances of this case, amount to a forfeiture of B & B's copyright. Here, each of such companies constituted merely an *alter ego* of B & B, with the same officers, directors and shareholders as B & B. The fact that the catalog was also published with a notice of copyright naming each of such companies as the copyright proprietor is not fatal and will not cause a forfeiture of B & B's copyright where, as in this

case, the companies were identical to the actual copyright proprietor from the standpoint of ownership and control. Id. pp. 602–603.

■ This is in accord with the fundamental rationale and purpose behind the statute. As the Court of Appeals in this Circuit has noted, a "reasonable construction of the statutory requirement shows that the name of the copyright proprietor is sufficient in form, if it gives notice of copyright to one who is looking for the truth and who desires to avoid infringement." Fleischer Studios, Inc. v. Ralph A. Freundlich et al., 73 F.2d 276, 277 (2nd Cir., 1934), cert. denied 294 U.S. 717, 55 S.Ct. 516, 79 L.Ed. 1250 (1935).

The Court (L. Hand, J.) reaffirmed its adherence to this basic approach in National Comics Publications v. Fawcett Publ., supra, declaring (191 F.2d at p. 603)

" * * * We are unwilling to allow a barefaced infringer to invoke an innocent deviation from the letter that could not in the slightest degree have prejudiced him or the public."

In the National Comics case, moreover, Judge Hand pointed out that the relation between the named copyright proprietor and the actual copyright proprietor remained the critical element. Thus, the Court held that where, as in the instant case, the related company had "the same officers, directors and shareholders" as the actual copyright proprietor, a notice was sufficient even though it named such related company as "proprietor." Id., p. 602.

Further, it may be noted that in the case at bar, the evidence indisputably establishes that the particular catalog which defendant appropriated in fact contained a notice explictly naming "B & B Auto Supply Inc."

■ Defendant also argues that the copyright on B & B's Catalog No. 142 is void in that the notice of copyright appearing thereon declares 1957 as the year of publication, although the work actually derives from previous B & B catalogs bearing earlier copyright dates.

However, this argument likewise must fail.

In essence, defendant's argument in this respect is that Catalog No. 142 derives from similar copyrighted catalogs published by B & B in prior years and, hence, that the recital of the "1957" date in Catalog No. 142 renders the copyright on that catalog invalid as an attempt to extend the copyright protection beyond the statutory period. This would be true if the later work were merely a republication of a previously copyrighted catalog. Cf. Ziegelheim v. Flohr, 119 F.Supp. 324, 327 (S.D.N.Y.1954). However, here, Catalog No. 142 is manifestly not an instance of such republication of the same work at a later date. On the contrary, Catalog No. 142 contains numerous new illustrations and a multitude of significant changes in text, as well as changes in data arrangement and format.

The Court finds, after comparison, that these changes are substantial and sufficient to constitute Catalog No. 142 a "new work" subject to copyright under the provisions of 17 U.S.C.A. See West Publishing Co. v. Edward Thompson Co., 176 F. 833, 837 (2nd Cir., 1910); Markham v. A. E. Borden Co., 108 F.Supp. 695, 704 (D.C.Mass.1952), reversed on other grounds, 206 F.2d 199 (1st Cir., 1953); Crocker v. General Drafting Co., 50 F. Supp. 634 (S.D.N.Y.1943); 17 U.S.C.A. §§ 3, 7. Accordingly, plaintiff's designation of the year 1957 in its notice of copyright on Catalog No. 142 is entirely proper and in no sense renders the copyright void.

Such material as is newly or additionally presented in Catalog No. 142 must be regarded as newly copyrighted, while at the same time the subsisting copyrights on the repeated matter in Catalog No. 142 remain valid and protected, but without any extension in their scope or duration. 17 U.S.C.A. § 3; Freedman v. Milnag Leasing Corp., 20 F.Supp. 802, 803 (S.D.N.Y.1937); Harry Alter v. A. E. Borden Co., 121 F.Supp. 941 (D.C.Mass. 1954).

■ Upon due consideration of all the evidence in this case, the court finds that

the publication and distribution of the "Anvil" catalog by defendant Plesser constituted an infringement of plaintiff B & B's copyright. The court further finds that defendant has failed to sustain his burden of showing the invalidity of plaintiff's copyright.

## II

■ In addition to the copyright infringement cause of action, plaintiff also alleges a cause of action founded upon the federal statutory tort of "False designation of origin and false descriptions," pursuant to Section 43(a) of the Lanham Trade-Mark Act of 1946 (15 U.S.C.A. § 1125(a)).[1]

However, plaintiff has, in this connection, failed to make a sufficient showing that the descriptions of the various items in the "Anvil" catalog were materially false and that customers relied upon or were likely to rely upon such false descriptions. Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641, 648 (3rd Cir., 1958).

Neither has it been shown that customers were deceived into believing that the particular items advertised in the "Anvil" catalog originated with B & B or that anyone was confused as to the origin of the items. Cf. Kitchens of Sara Lee, Inc. v. Nifty Foods Corp., 266 F.2d 541, 545 (2nd Cir., 1959).

Hence, in the case at bar, the court finds that plaintiff has failed to sustain its burden of proof with respect to the additional cause of action alleged under 15 U.S.C.A. § 1125(a).

■ With regard to any claim for "unfair competition" outside of the federal statute, moreover, plaintiff is precluded by the absence in this case of any elements of "palming off" or confusion as to source of origin. See Norwich Pharmacal Co. v. Sterling Drug, Inc., 271 F.2d 569, 571 (2nd Cir., 1959); Continental Casualty Co. v. Beardsley et al., 253 F.2d 702, 707 (2nd Cir., 1958), cert. den. 358 U.S. 816, 79 S.Ct. 25, 3 L.Ed.2d 58 (1958).

■ The court concludes that plaintiff here has, however, established a right to recover damages for the infringement of its copyright by defendant and, further, that plaintiff is also entitled to injunctive relief against such infringement, pursuant to the provisions of 17 U.S.C.A. § 101.

■ Under 17 U.S.C.A. § 116, it is mandatory that the court allow "full costs" in a copyright infringement suit to the prevailing party. However, the court retains discretion as to whether to award "a reasonable attorney's fee as part of the costs." Alexander v. Irving Trust Co., 132 F.Supp. 364 (S.D.N.Y.1955), aff'd 228 F.2d 221 (2nd Cir., 1955), cert. denied 350 U.S. 996, 76 S.Ct. 545, 100 L.Ed. 860 (1956). Here, defendant Plesser deliberately reproduced and appropriated to his own use almost all of plaintiff's copyrighted catalog, with full knowledge of the copyright notice imprinted thereon. The court will, in view of these facts, allow reasonable attorney's fees "as part of the costs" awarded to plaintiff. 17 U.S.C.A. § 116.

The trial of this case was limited to the issue of liability, with the matter of damages deferred until the determination of that issue. Therefore, a hearing will now be required to determine the extent

---

[1]. Section 1125(a) of Title 15 U.S.C.A. provides in relevant part that:

"Any person who shall * * * use in connection with any goods or services * * * a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

of plaintiff's damages resulting from the infringement.

This opinion shall constitute the court's findings of fact and conclusions of law.

Settle order on notice and within fifteen days granting judgment in accordance with this opinion and providing for a hearing before this court on the issue of damages.