HEDEMAN PRODUCTS CORP.,
Plaintiff,

v.

TAP-RITE PRODUCTS CORP.,
Defendant.

Civ. A. No. 227-62.

United States District Court
D. New Jersey.

April 17, 1964.

**632**

Kenarik & Noonan, Newark, N. J., by John W. Noonan, Newark, N. J., and Clive H. Bramson, Oyster Bay., N. Y., for plaintiff.

Harry Phillipson, Newark, N. J., by Charles B. McGroddy, Jr., Charles W. Neill, New York City, for defendant.

WORTENDYKE, District Judge.

In this action the plaintiff seeks relief under 17 U.S.C. § 101 for alleged infringement of copyrighted portions of its merchandise catalogs by portions of catalogs of the defendant. Jurisdiction of the action is delegated to this Court by 28 U.S.C. § 1338(a).

Plaintiff's catalogs are entitled respectively "V–1 A Handbook for the Beverage Industry" and "X–1 A Handbook for the Bottler." The two catalogs contain some identical material and those pages on which such material appears are numbered the same in both; the additional pages in X–1 (the later catalog) are not alleged to have been infringed. The defendant's catalogs are numbered 958 and 960 respectively.

More specifically, plaintiff originally charged that defendant's catalogs infringed the illustrations or capacity specifications (or both) printed on the following pages of plaintiff's catalogs: pages 53–7, 53–11, 62–7, 62–8, 62–9, 62–19 and 62e–80. In my opinion, dated August 1, 1962, denying defendant's motion to dismiss the complaint, I held that the defendant's catalogs had not infringed the capacity specifications on pages 62–7, 62–8 and 62–9 of plaintiff's catalogs. At the pretrial conference, the parties stipulated that pages 53–11 and 62e–80 were not in any way infringed by defendant's catalogs. Consequently, at the time of trial, plaintiff contended that the illustrations on the following pages of both of its catalogs were infringed by illustrations on the indicated pages of defendant's catalogs:

| Plaintiff's catalogs: V-1 and X-1 | Defendant's catalogs: 958 and 960 | |
|---|---|---|
| p. 53–7 (parts for Valcor valve) | p. 41 | |
| p. 62–8 (coiled hose) | p. 2 | p. 5 |
| p. 62–9 (coiled hose) | | p. 4 |
| p. 62–9 (cut-back end of hose) | | p. 4 |
| p. 62–19 (end of hose) | | p. 5 |

At the trial, at the end of the plaintiff's case, defendant rested without offering any evidence (except a copy of each of its allegedly infringing catalogs) and

moved to dismiss "for failure to prove a prima facie case" and asked leave to submit a post-trial brief. The plaintiff, on its part, moved for a directed judgment in its favor on the ground that its evidence presented a prima facie case which stood uncontroverted. The Court denied the defendant's motion and reserved decision on plaintiff's motion, pending receipt of defendant's post-trial brief; the plaintiff electing to rely on its trial brief.

The defendant conceded at the trial the originality of both plaintiff's catalogs and of the illustrations alleged to be infringed. Both catalogs were, therefore, copyrightable. The certificates of registration (both showing the same publication date and numbered A–254502 and A–252895 respectively) of plaintiff's claim to copyright of its two catalogs were admitted in evidence at the trial. These certificates constitute prima facie evidence of title, validity and the facts therein stated, 17 U.S.C. § 209; Edward B. Marks Music Corp. v. Borst Music Pub. Co., D.C.N.J.1953, 110 F.Supp. 913, 917; Addison-Wesley Publ. Co. v. Brown, D.C.N.Y.1963, 223 F.Supp. 219, 224; and their introduction into evidence shifted to the defendant the burden of going forward with evidence to overcome the prima facie case, Rohauer v. Friedman, 9 Cir. 1962, 306 F.2d 933, 935. Since the defendant offered no such evidence, I must conclude that plaintiff's two catalogs have been copyrighted, as set forth in the certificates, and that those copyrights are valid.[1]

The alleged infringement by defendant is of certain identical pages (or cuts therefrom) which appear in both of plaintiff's catalogs. The later catalog, X–1, is separately copyrighted to protect new material (not alleged to have been infringed) in addition to the already-copyrighted material shown in V–1, the earlier catalog. The copyright in the later catalog X–1, in regard to the material which is repeated from the prior copyrighted catalog, serves to protect that copyrighted material without extending the duration or scope of that earlier copyright, 17 U.S.C. § 3; B. & B. Auto Supply, Inc. v. Plesser, D.C.N.Y.1962, 205 F.Supp. 36, 40; Harry Alter Co. v. A. E. Borden Co., D.C.Mass.1954, 121 F.Supp. 941, 944–945. Thus only one copyright is involved in this action, that is the initial copyright on catalog V–1, material from which is repeated in catalog X–1 and which is the only material alleged to have been infringed.

The copyright involved here was of the entire catalog, but this copyright protects each illustration, alleged to have been copied, as if each had been individually copyrighted, 17 U.S.C. § 3; Markham v. A. E. Borden Co., 1 Cir. 1953, 206 F.2d 199, 201; Unistrut Corp. v. Power, D.C.Mass.1958, 175 F.Supp. 294, 299, modified on other grounds, 1 Cir. 1960, 280 F.2d 18. There is, therefore, only one copyright which can be infringed regardless of how many illustrations from the catalog were copied by defendant, Harry Alter Co. v. A. E. Borden Co., supra, 121 F.Supp. at p. 944.

The pending motion of plaintiff for judgment presents two remaining questions, i. e., whether either or both of defendant's catalogs infringed plaintiff's copyright, and what damages should be awarded for any such infringement.

Copyright infringement is the invasion by unauthorized copying of the protected material in whole or in part, of the copyright owner's exclusive right to multiply copies of his work, 17 U.S.C. § 1; Mazer v. Stein, 1954, 347 U.S. 201, 218, 74 S.Ct. 460, 98 L.Ed. 630; T. B. Harms Co. v. Eliscu, D.C.N.Y.1964, 226 F.Supp. 337, 339. It includes the ap-

[1]. After the trial, defendant's brief argued that, because the cover page titles of plaintiff's catalogs are not the same as those given in the registration certificates, there is no copyrighted material in the record which has been infringed. Defendant, however, raised no objection to the introduction in evidence of the certificates as relating to plaintiff's catalogs which were already in evidence. I find, therefore, that defendant waived any objection based upon the alleged discrepancy between the catalogs and the certificates.

propriation of the fruits of another's labor and skill in order to publish a rival work without expending the time and effort necessary to achieve the same result independently, Orgel v. Clark Boardman Co., 2 Cir. 1962, 301 F.2d 119, 120, cert. den. 1962, 371 U.S. 817, 83 S.Ct. 31, 9 L. Ed.2d 58; Bradbury v. Columbia Broadcasting System, Inc., 9 Cir. 1961, 287 F. 2d 478, 485, cert dismissed, 1962, 368 U. S. 801, 82 S.Ct. 19, 7 L.Ed.2d 15.

■■ The test of copyright infringement is " * * * whether the work is recognizable by an ordinary observer as having been taken from the copyrighted source. Slight differences and variations will not serve as a defendant. The means of expressing an idea is subject to copyright protection and where one uses his own method or way of expressing his idea, * *, * such adornment constitutes a protectible work." Bradbury v. Columbia Broadcasting System, Inc., supra, 287 F.2d at p. 485. See Arnstein v. Porter, 2 Cir. 1946, 154 F.2d 464, 468–469.

At the trial a portion of the deposition of defendant's president was read into the record. It disclosed his admission that he had looked at plaintiff's catalogs prior to the preparation of defendant's allegedly infringing catalogs.

The plaintiff also called, as an expert witness, a photographer of 35 years' experience, during the course of which he had had occasion to examine and compare photographs for the purpose of determining their substantial similarity. He testified that he photographed and enlarged the allegedly infringed illustrations on pages 53–7, 62–8, 62–9 and 62–19 of plaintiff's catalog. He also photographed and enlarged the six allegedly infringing illustrations from pages 2 and 41 of defendant's catalog 950 and pages 4 and 5 of catalog 960, and he made separate positive prints of each of those illustrations. From the photographs of plaintiff's illustrations, he made transparencies which he alternately superimposed upon each of the six respective positive prints of defendant's illustrations. In each instance, the lines of the superimposed transparency coincided with the corresponding lines, shading and minute detail of the positive print upon which it as superimposed. These six exhibits, each consisting of a transparent overlay on a positive print, were admitted in evidence without objection. It was the opinion of the witness that each positive print was made from a photograph of the respective illustration from which the transparency was made, and that each illustration in the defendant's catalogs, which coincided with a transparency made from the corresponding illustration in the plaintiff's catalog, indicated that the former were exact photographic copies of the latter.

■■ The plaintiff's evidence therefore disclosed that the questioned illustrations in defendant's catalogs were almost exact, and in several cases identical, reproductions of illustrations which appeared in plaintiff's copyrighted catalog. The defendant apparently cut out the illustrations from plaintiff's catalogs and pasted them on the layout sheets used in making the defendant's catalogs. In some cases, plaintiff's illustrations were altered by being cut down in size to make them appear different from the original. The plaintiff has shown that its illustrations were copied by the defendant. Harry Alter Co. v. A. E. Borden Co., supra, 121 F.Supp. p. 944; Day-Brite Lighting, Inc. v. Sta-Brite Fluorescent Mfg. Co., 5 Cir. 1962, 308 F.2d 377, 379–380.[2] The-

---

2. Defendant, in its post-trial brief, argued that a copying must also be "substantial and material" in order to constitute an infringement and that, because defendant's alleged copying constituted less than 1% of the total page area (in square inches) of plaintiff's catalog, there was no infringement established. The "material and substantial" test is not, how- ever, to be applied to plaintiff's entire catalog but to each component part which has been infringed, Markham v. A. E. Borden Co., 1 Cir. 1953, 206 F.2d 199, 201–202. In this case, the illustrations in plaintiff's catalogs are the component parts, and each of them was materially and substantially infringed by defendant's catalogs.

absence of evidence in behalf of the defendant, other than a copy of each of its accused catalogs, impels me to the conclusion that both defendant's catalogs infringed plaintiff's copyrighted material.

At the pretrial conference, plaintiff chose to rely on 17 U.S.C. § 101 and to seek only "such damages as to the court shall appear to be just." It offered no evidence of actual damages, nor of any profit to defendant from its infringement. Plaintiff did read into the record, without contradiction, a further portion of the deposition of defendant's president in which he testified that 3,000 copies of its catalog 958 were printed and distributed, and that 4,000 copies of catalog 960 were printed, of which about 3,000 were distributed and 1,000 then remained in defendant's possession. Relying on 17 U.S. C. § 101(b), plaintiff seeks $1.00 for each copy of defendant's catalog which was printed, or $7,000. Because plaintiff claimed it had two copyrights on catalogs V–1 and X–1, which were both infringed, it seeks a total of $14,000.00.

17 U.S.C. § 101 provides that a copyright infringer shall be liable to an injunction restraining the infringement and to damages to the copyright proprietor to the extent that it may have suffered damage due to the copyright infringement, as well as any profits which the infringer may have made from the infringement. The statute provides that, in lieu of actual damages and profits, the Court may award such damages as appear to be just, " * * * and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated [with certain exceptions not applicable here] * * *, and such damages shall in no other case [other than the exceptions] exceed the sum of $5,000 nor be less than the sum of $250, and shall not be regarded as a penalty." The same section provides that, in assessing such amounts of damages in a case of infringement of copyrighted catalogs involving works of art or prints and pictorial illustrations, $1.00 may be awarded to the copyright proprietor against the infringer for every infringing copy made and sold by or found in the possession of the infringer of his agents or employees.

The statute is designed not only to take away an infringer's profits and to remedy the injury to the copyright proprietor, but also to discourage such infringement even if it is noninjurious or unprofitable, F. W. Woolworth Co. v. Contemporary Arts, 1952, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276. "The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties, * * *." Douglas v. Cunningham, 1935, 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862.

The "in lieu of actual damages" provision may be applicable where there is no showing as to any actual loss, Jewell-LaSalle Realty Co. v. Buck, 1931, 283 U.S. 202, 208, 51 S.Ct. 407, 75 L.Ed. 978, when proof of damage is difficult or impossible, Douglas v. Cunningham, supra, 294 U.S. 209, 55 S.Ct. 365, 79 L.Ed. 862, or where, even if some damages have been proven, the trial court, in its discretion, determines it would be "more just" to allow a recovery based on the statutory formula, F. W. Woolworth Co. v. Contemporary Arts, supra, 344 U.S. 231–233, 73 S.Ct. 222, 97 L.Ed. 276. In the present case, neither party offered any evidence as to actual damages, so plaintiff properly invoked the "in lieu" provision.

The statutory minimum of $250.00 and maximum of $5,000. apply to each separate infringement, L. A. Westermann Co. v. Dispatch Co., 1919, 249 U.S. 100, 105, 39 S.Ct. 194, 63 L.Ed. 499; Markham v. A. E. Borden Co., 1 Cir. 1955, 221 F.2d 586, 587; Harry Alter Co. v. A. E. Borden Co., supra, 121 F. Supp. 947; Burndy Engineering Co. v. Penn Union Electric Corp., D.C.Pa., 1940, 32 F.Supp. 671, 672, affd. 3 Cir. 1941, 122 F.2d 932, and they are applicable to all types of infringement except those for which the statute makes other specific provision (none of which is relevant here), Jewell-LaSalle Realty Co. v. Buck, supra, 283 U.S. 206–207, 51 S.Ct. 407, 75 L.Ed. 978. Within the limitation of

636

this minimum and maximum, the trial court has complete discretion to award any damages which it thinks are just and, in fixing such damages, may use the statutory formula as a guide. The Supreme Court held, in L. A. Westermann Co. v. Dispatch Co., supra, 249 U.S. 106-107, 39 S.Ct. 196, 63 L.Ed. 499, that: " * * * [T]he court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion * * * to go outside of them." In applying this rule to a case like the present one, where the $1.00 per copy provision of the statute might be applicable, the Supreme Court, in Douglas v. Cunningham, supra, 294 U.S. 210, 55 S.Ct. 366, 79 L.Ed. 862 stated: " * * * [T]he law commits to the trier of facts, within the named limits, discretion to apply the measure furnished by the statute provided he awards no more than $5,000. He need not award $1 for each copy, but, if upon consideration of the circumstances he determines that he should do so, his action cannot be said to be unjust. In other words, the employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion."

Applying the statutory measure to the present case it is necessary to determine how many infringements defendants caused of plaintiff's copyright, because at least the $250.00 minimum must be awarded for each such infringement of the one copyright. It has been held that each use of an illustration from a copyrighted catalog is a separate infringement, Markham v. A. E. Borden Co., 1 Cir. 1955, 221 F.2d 586, 588; that each

catalog is a separate infringement of a copyright, no matter how many illustrations it uses from a copyrighted catalog, Harry Alter Co. v. A. E. Borden Co., supra, 121 F.Supp. 945-946; Unistrut Corp. v. Power, supra, 175 F.Supp. 299-300; and that each separate printing of each edition of defendant's catalog is a separate infringement of a copyrighted catalog, Burndy Engineering Co. v. Sheldon Service Corp., D.C.N.Y.1941, 39 F. Supp. 274, 275, affd. 2 Cir. 1942, 127 F.2d 661; see L. A. Westermann Co. v. Dispatch Co., supra, 249 U.S. 105-106, 39 S.Ct. 194, 63 L.Ed. 499.

Because infringement in this case was the unauthorized appropriation of the product of someone else's labor to eliminate having to do the same work, each copying by defendant of an illustration, which had been separately prepared by plaintiff, was a separate infringement. If plaintiff had sought to recover defendant's actual profits from its infringing catalogs, they would have been determined by apportioning the amount of the total profit, on each catalog, applicable to each infringing illustration, Orgel v. Clark Boardman Co., supra, 301 F.2d 121-122. The same basic principle should govern in applying the "in lieu" provision of 17 U.S.C. § 101. Consequently, each copying by defendant, for use in either or both of its catalogs, of a separately prepared illustration in plaintiff's catalog must be regarded as a separate infringement of plaintiff's copyright for the purpose of computing damages under the minimum and maximum formula of § 101.

Since defendant's catalogs contained five separate and distinct illustrations copied from plaintiff's catalog, there were five infringements, and plaintiff would be entitled, under the statute, to a minimum of $1,250. Plaintiff should not, however, receive any damages in addition to the statutory minimum, which I have the discretion to award. The copyright infringements were not only few in number, but were of such a character as to lack any suggestion of the possibility of damage to the plaintiff in

consequence thereof. Plaintiff's two copyrighted catalogs are large, elaborate and evidently quite expensive by reason of their material and composition. Defendant's catalogs are much smaller than those of the plaintiff, obviously cheaper in cost, and less comprehensive as far as illustrations and specifications of merchandise are concerned; they contain no price lists as do those of plaintiff. Defendant's offending catalogs respectively contain 41 and 39 pages, with approximately 238 illustrations. Each of plaintiff's catalogs comprises approximately 100 pages and approximately 782 illustrations. The infringing illustrations in defendant's catalogs relate to beverage tubing and fittings and a valve assembly, constituting a very small proportion of the items of merchandise which the plaintiff's catalogs offer. I therefore award as damages, pursuant to 17 U.S.C. § 101 (b), the statutory minimum of $1,250.00 for the five infringements by both of defendant's catalogs of the plaintiff's initial copyright.

In its prayers for relief, plaintiff seeks the following: a permanent injunction against defendant's infringing plaintiff's copyright and against publishing, selling or otherwise disposing of any copies of the two infringing catalogs; that defendant deliver up for destruction all copies of the two infringing catalogs, as well as all plates, molds and other matter for making such infringing copies; and that defendant pay the costs of this action, including a reasonable attorney's fee. Plaintiff's motion for a directed verdict in its favor must be deemed to have incorporated these prayers for relief. By reason of defendant's failure to present any evidence in opposition to these demands, they must be granted.

An order may be presented for judgment in favor of the plaintiff against the defendant for $1,250.00, and directing the defendant to deliver up for destruction all copies of its two offending catalogs, together with all plates, molds and other means for making such infringing copies. In addition to the foregoing, the order shall provide for a permanent injunction in favor of the plaintiff against the defendant restraining the continuance of the infringements complained of, and awarding a counsel fee to plaintiff's attorneys in the amount of $150.00, to be included in the taxed costs, which are allowed to the plaintiff.

The foregoing shall constitute my findings of fact and conclusions of law pursuant to F.R.Civ.P. 52.