**PETER PAN FABRICS, INC. and Henry Glass & Co., Plaintiffs,**

v.

**BRENDA FABRICS, INC., Defendant.**

United States District Court
S. D. New York.
Jan. 21, 1959.

Helfat & Helfat, New York City, for plaintiffs.

Harry Price, New York City, for defendant.

DIMOCK, District Judge.

This is a motion for a preliminary injunction in a copyright infringement action. Plaintiff Peter Pan Fabrics, Inc. has obtained certificate of copyright No. H 7290, covering a design printed upon dress fabric. The design is known as "Style 680, Range 1, Byzantium". Defendant is producing and selling a printed fabric almost indisguishable from plaintiff's.

Plaintiff Peter Pan Fabrics, Inc. is the wholly owned subsidiary of plaintiff Henry Glass & Co., a New York corporation. The parent markets the goods which bear the copyrighted design.

Style 680, Range 1, Byzantium is a solid design made up of motifs suggestive of the Near East: arches reminiscent of Arabic architecture, figures much like those in Oriental rugs, tablets covered with palpable imitations of Arabic script and other unidentifiable but similar decorations.

Defendant's design is substantially identical in form. Plaintiffs have submitted samples of the two products which are substantially identical in color. The differences in the design are only those which would result from free-hand rather than from photographic copying.

An affiant for plaintiffs makes oath that plaintiffs' design is original. This is not denied so that defendant's design

must have been copied from plaintiffs' rather than from some common source. The design is sufficiently intricate so that independent genesis of the two products would have been impossible.

■ I find that defendant has deliberately infringed plaintiffs' copyright and plaintiffs are entitled to relief if that copyright is valid.

The problem to be decided is whether a design printed upon dress fabric is a proper subject of copyright. Much help can be obtained from section 5 of Title 17 U.S.Code, which requires that the application for registration for copyright shall specify that the work · in which copyright is claimed belongs to one of thirteen enumerated classes lettered (a) to (m). Class (g) is described as "Works of art; models or designs for works of art." Class (k) is described as "Prints and pictorial illustrations including prints or labels used for articles of merchandise."

In Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L. Ed. 460, Mr. Justice Holmes dispelled the idea that the word ."art" in the Copyright Act imported any idea of merit or high degree or appeal to the better educated classes. There he ruled that circus posters were a proper subject for copyright. He held, 188 U.S. at page 250, 23 S.Ct. at page 300, that, assuming that the Act then in effect limited the application of the word "print" to "pictorial illustrations * * * connected with the fine arts", the circus posters nevertheless would be copyrightable material. He said on page 251 of 188 U.S., on page 300 of 23 S.Ct., "Certainly works are not the less connected with the fine arts because their pictorial quality attracts the crowd, and therefore gives them a real use,—if use means to increase trade and to help to make money. A picture is none the less a picture, and none the less a subject of copyright, that it is used for an advertisement."

In Mazer v. Stein, 347 U.S. 201, at page 213, 74 S.Ct. 460, at page 468, 98 L.Ed. 630, Mr. Justice Reed said in the opinion of the court:

"It is clear Congress intended the scope of the copyright statute to include more than the traditional fine arts. Herbert Putnam, Esq., then Librarian of Congress and active in the movement to amend the copyright laws, told the joint meeting of the House and Senate Committees:

" 'The term "works of art" is deliberately intended as a broader specification than "works of the fine arts" in the present statute with the idea that there is subject-matter (for instance, of applied design, not yet within the province of design patents), which may properly be entitled to protection under the copyright law.' "

In Dr. Putnam's statement before the joint meeting we have an authoritative construction of the term "works of art" in the Copyright Act as including "applied design". No better description of the subject matter of this litigation could be devised.

■■ I therefore find that plaintiffs' design is a proper subject of copyright both as a work of art and as a print. It was described in the application for copyright as a work of art but that does not preclude sustaining its copyrightability on the ground that it is a print. It is provided in section 5 of title 17 referred to above that no error in classification shall invalidate or impair the copyright protection secured under that title.

■ The question remains whether plaintiffs have made out a case of irreparable injury sufficient to warrant the issuance of a preliminary injunction. An affidavit submitted by plaintiffs states in detail that the design was obtained at great expense and that soon after cloth bearing plaintiffs' design appeared on the market defendant began underselling plaintiffs with defendant's similar item and has continued to do so ever since. The affiant further says that plaintiffs' business is a so-called style-leader line for customers willing to pay for distinctive patterns and that the

offering of the same patterns at lower and therefore at more popular prices robs plaintiffs' goods of their distinctive appeal. The affidavit states that the sales life of a new design is a short one and that unless a preliminary injunction is issued pending the case's being reached for trial plaintiffs will suffer from defendant's competition for substantially all the time that the design will have value.

I find that plaintiffs will suffer irreparable injury if a preliminary injunction is not issued.

The motion is granted. Settle order on notice. Plaintiffs must furnish security of $10,000.