William C. Hecht, J.
Defendant M. Lowenstein & Sons, Inc., moves pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint for legal, insufficiency.
In a first cause of action, plaintiff alleges facts in support of a common-law copyright in an unpublished design used by defendants without its consent. It sets forth that in 1958 it created a certain material design, printed a large quantity of fabric and gave samples thereof to Kay Windsor for a limited purpose. It is further alleged that Kay Windsor caused Lowenstein to pirate and duplicate the fabric and design from the sample supplied by plaintiff to Kay Windsor without authorization or agreement from plaintiff to copy or use its original creation and without payment by defendants of any royalty or compensation.
Defendant recognizes that protection will be extended to an original design not disclosed to the trade or otherwise published, but contends that copyright is lost on publication, absent statutory protection, and that common-law protection does not reach the use by a third party without knowledge of plaintiff’s claim.
The design is subject of copyright and is entitled to common-law protection if it remains unpublished (Werckmeister v. Springer Lithographing Co., 63 F. 808; Mazer v. Stein, 347 U. S. 201; Peter Pan Fabrics, Inc. v. Brenda Fabrics, Inc., 169 F. Supp. 142; Peter Pan Fabrics, Inc. v. Acadia Co., 173 F. Supp. 292; Ball, Law of Copyright and Literary Property, p. 472; Howell, The Copyright Law, p. 54).
The delivery of yardage to the defendant Windsor for the express and limited purpose of making sample dresses is a restrictive delivery only and does not constitute publication if the delivery is proved as alleged. Cole, Inc. v. Manhattan Modes (159 N. Y. S. 2d 709, affd. 2 A D 2d 593) is not applicable to the pleading issue here presented. Upon all the facts, the first cause of action is sufficient.
The second cause is based upon contract. It is alleged that the plaintiff and the defendant Windsor, upon the occasion of the delivery of the sample yardage, entered into a contract as follows: “ These cuts are in accommodation and are not return *50 able. The acceptance by the buyer of this merchandise constitutes his agreement not to make or purchase, directly or indirectly, a substantial imitation of its design.”
It is further alleged that the sale and delivery of the sample yardage to the defendant at a nominal cost was made with the defendant Windsor with a view to its purchasing from the plaintiff exact or substantially identical copies of such fabric as defendant Windsor would thereafter use in the course of its business. Windsor represented that it had made up sample dresses and requested plaintiff to omit the design from its line in order that Windsor should have no competition from other customers of plaintiff. The latter complied upon Windsor’s representation that it would use the fabric in the manufacture of its dresses.
It is finally alleged that the defendants breached the contract with the plaintiff, in that defendants caused to be made a substantial imitation of plaintiff’s design and fabrics, thus damaging plaintiff since plaintiff has been unable to realize profits that would have ordinarily accrued had the defendant Windsor not breached its contract. The moving defendant is charged with violation of that agreement, but there is no allegation of knowledge of that agreement, nor is there any other allegation sufficient to create any relationship or conduct charging the defendant with liability.
In the third cause of action, plaintiff repeats the allegations of the first cause and alleges further that the defendant Lowenstein caused to be published in various magazines and newspapers throughout the United States advertisements for the sale of apparel containing plaintiff’s design and is continuing to advertise plaintiff’s design as that of the defendants. By reason thereof, defendant Lowenstein has deprived and is depriving plaintiff of the just and lawful benefits of its labors and expenditures and is continuing to do so.
The third cause cannot stand unless there is alleged some basis for relief added to the claim of common-law infringement, the subject of the first cause. The allegations of the third cause do not constitute unfair competition or palming off of defendant’s product as the product of the plaintiff. The deprivation of profits is no more than the damage resulting from the claimed infringement.
The motion is therefore granted dismissing the second and third causes of action, and it is otherwise denied with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.