**PETER PAN FABRICS, INC.**
and
**Henry Glass & Co., Plaintiffs,**
v.
**PURITAN DRESS CO., Inc., Defendant.**

United States District Court
S. D. New York.
May 18, 1962.

Helfat & Helfat, New York City, for plaintiffs.

Rubin, Rubin, Pearlman & Weinberg, New York City, for defendant, Max Grossberg, New York City, of counsel.

BRYAN, District Judge.

This is an action under the Copyright Act, 17 U.S.C. § 101, for copyright infringement and unfair competition. Plaintiffs seek: (a) damages for infringement and unfair competition; (b) an accounting of all gains and profits; (c) the impounding and destruction of all infringing copies, plates and molds; and (d) costs and reasonable attorney's fees.

Jurisdiction is based on 28 U.S.C. § 1338.

Plaintiffs now move, pursuant to Rule 56, Federal Rules Civil Procedure, 28 U. S.C., for summary judgment in their favor on all issues raised by the complaint except as to the amount of damages, for

reference of the action to a master, pursuant to Rule 53, F.R.Civ.P., to take an accounting of plaintiffs' damages and loss and defendant's profits, and for costs and attorney's fees.

Plaintiffs claim that there is no genuine issue as to any material fact except as to the amount of damages and that they are entitled to a judgment on all questions of liability as a matter of law.

The facts as they appear from the papers before me are virtually undisputed and are as follows:

Plaintiff Peter Pan Fabrics, Inc. (Peter Pan) is a New York corporation under whose name various fabric designs are copyrighted and advertised for sale. Peter Pan is a wholly owned subsidiary of plaintiff Henry Glass & Co. (Glass). Glass, also a New York corporation, converts and sells fabrics to women's apparel manufacturers and handles the financial arrangements involved in such sales. It is known in the industry as a "style leader" and uses the designs of its subsidiary Peter Pan.

Defendant Puritan Dress Co., Inc. (Puritan), a Massachusetts corporation which has a place of business in New York, is a manufacturer of women's dresses.

At the request of Wilner, president of both plaintiffs, the Pierre Kittler Studio of Paris created and painted a fabric design known as Style 680, Range 1, "Byzantium" (hereinafter referred to as "Byzantium") and assigned it to plaintiff Peter Pan. The design was based on notes and sketches which Wilner prepared during a trip to Istanbul. It "is a solid design made up of motifs suggestive of the Near East: arches reminiscent of Arabic architecture, figures much like those in Oriental rugs, tablets covered with palpable imitations of Arabic script and other unidentifiable but similar decorations." Peter Pan Fabrics, Inc. v. Brenda Fabrics, Inc., 169 F.Supp. 142 (S.D.N.Y.1959).

Peter Pan made a reproduction of this fabric design and secured a copyright for it under 17 U.S.C. § 5(h). The certificate of registration is dated and identified as "July 9, 1958, Class H, No. 7290."

The fabric design has been published by Peter Pan since June 30, 1958. Glass, Peter Pan's parent corporation, has been converting greige goods into printed textiles bearing the design and offering them for sale to manufacturers of women's dresses since October of 1958.

Notice of Copyright is annexed to the fabric by printing on the selvage (or border) of the goods and is repeated at intervals of about 19 inches so that there are approximately two copyright notices on every yard of material.

Some time after October 1958 the Martin Weiner Corp., not a party here, began manufacturing printed textiles which were copies of the Peter Pan Byzantium design and selling them to various women's apparel manufacturers. Puritan purchased some 24,000 yards of the fabric with the copied design from Martin Weiner. It manufactured and sold approximately 8,000 dresses made from the fabric.

Plaintiffs' copyright of the Byzantium design and infringement of that copyright has been the subject of considerable litigation in this court. See Peter Pan Fabrics, Inc. v. Acadia Company, Inc. (Peter Pan Fabrics, Inc. v. Martin Weiner Corp.), 173 F.Supp. 292 (S.D.N.Y.1959), aff'd 274 F.2d 487 (2 Cir. 1960); Peter Pan Fabrics, Inc. v. Dixon Textile Corporation, 280 F.2d 800 (2 Cir. 1960); Peter Pan Fabrics v. Dixon Textile Corporation, 188 F.Supp. 235 (S.D.N.Y.1960); Peter Pan Fabrics, Inc. v. Brenda Fabrics, Inc., 169 F.Supp. 142 (S.D.N.Y.1959).

In these cases the plaintiff claimed infringement of its Byzantium design by Martin Weiner Corporation, the manufacturer of the fabric which was copied from the design, and various dress manufacturers who purchased the copied fabric manufactured by Weiner, and sold dresses made of that fabric. Issues substantially the same as the issues in the case at bar were raised in these cases

and all of such issues were determined in favor of the plaintiffs here. The law with respect to facts practically identical with those now before the Court has been exhaustively stated in those cases and there is no need to repeat it here. These decisions have resolved in favor of Peter Pan and Glass every legal and factual issue now raised by the defendant Puritan in the case at bar.

Puritan, while denying in its answer all of the allegations of the complaint except the allegations as to the incorporation of the plaintiff, attempts to resist the motion for summary judgment on two grounds only. These are: (1) that the Byzantium design was not original and therefore not properly copyrighted; and (2) that it had no notice or knowledge of the alleged copyright.

These grounds are specious and without merit.

(1) As to whether this design is sufficiently original to be copyrighted, the Court of Appeals for this Circuit specifically held in Peter Pan Fabrics, Inc. v. Dixon Textile Corporation, supra, 280 F. 2d at p. 802, that

"While the basis of the sketches appears to have been suggested by or perhaps taken faithfully from ancient art forms, their incorporation into a combined design by the Parisian designer is clearly sufficiently original to satisfy the originality requirement of the copyright law * * *. Originality, not novelty, is the test."

The entire subject is fully discussed in the various Peter Pan cases and nothing need be added to that discussion here.

■ Puritan does not deny that the Byzantium design was created for plaintiffs by a Paris house from sketches made by plaintiffs' president. The sole support for the defendant's claim that the design is not original is a statement in an affidavit by its vice president, Nelson, that "in my thirty years in the textile industry, I have seen literally hundreds of fabric designs similar to plaintiffs'."

This is wholly insufficient to raise any question of fact as to whether the design was sufficiently original to be copyrighted, particularly in the light of the previous decisions on this very subject with which the defendant must be thoroughly familiar.

■ (2) Defendants' second ground for opposing the motion, lack of notice, is equally devoid of merit. Publication is deemed "to have occurred on sale of the printed goods to the dress manufacturers, and notice at that time is to be held constructive notice to all dress manufacturers, provided the notice was sufficient." Peter Pan Fabrics, Inc. v. Dixon Textile Corporation, supra, 280 F.2d at p. 803. The adequacy of the method of giving notice of copyright to dress manufacturers, by printing the notice on the selvage of the cloth, has already been determined as a matter of law in the earlier litigation involving the Byzantium fabric. Such notice is clearly good. See Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra; Peter Pan Fabrics, Inc. v. Dixon Textile Corporation, supra.

■ Defendant contends finally that the motion for summary judgment must be denied because it had no actual knowledge of the copyright. This question does not bear on the issue of liability but only goes to the issue of the amount of damages. F. W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

There is no genuine issue as to any material fact bearing on the question of liability and plaintiff is entitled to judgment as a matter of law on all issues raised by the complaint except the issue of damages. Judgment will be entered in favor of plaintiffs and against defendant accordingly. The issue of damages and loss suffered by the plaintiff and of profits made by defendant will be referred to a Special Master to be appointed by the Court to hear and report thereon. Costs and attorney's fees will abide his report.

Settle order on notice.