**LOOMSKILL, INC., Plaintiff,**

v.

**STEIN & FISHMAN FABRICS INC., Defendant.**

**No. 71 Civ. 4348.**

United States District Court,
S. D. New York.
Oct. 20, 1971.

Helfat & Helfat, New York City, for plaintiff by Bernard Helfat, New York City, of counsel.

Lauritano & Schlacter, New York City, for defendant by Amedeo L. Lauritano, New York City, of counsel.

## FINDINGS AND OPINION

POLLACK, District Judge.

Plaintiff sues to enjoin the defendant from manufacturing, converting or selling textiles which plaintiff asserts are imprinted with infringing copies of a copyrighted design belonging to plaintiff. Defendant denies infringement, denies copying, and contends that the imprints on its fabrics are of original creations purchased from an independent design studio.

Plaintiff's suit arises under the Copyright Laws. Jurisdiction is conferred by 28 U.S.C. § 1338. The application for preliminary injunction has been consolidated with trial of the merits of the infringement claim. Fed.R. Civ.P. 65(a) (2).

Plaintiff, a corporation duly organized and existing under the laws of the State of New York, with a place of business in New York City, is a converter of fabrics. In general, converters of textile products purchase griege goods (i. e., uncolored and unpatterned woven goods), arrange to have them dyed, patterned and finished, and then sell the goods to garment manufacturers, department and dry goods stores, among others. Plaintiff, moreover, is known as a "style-leader" converter and produces fabrics for the "better" garment market which demands attractive and novel designs for its products.

Defendant is a corporation duly organized and existing under the laws of the State of New York and is also a converter of fabrics with its place of business in New York City, but it makes no claim to being a "style-leader".

On or about March 10, 1971, plaintiff's own studio, which employs a staff of some 35 artists, created a design which it designated as "Pattern #34099 Outrageous". On that date plaintiff sent an original painting or sketch of the design to the Textile Distributors Association for registration. The sketch was registered in four rollers and four colors. It was also blown up to a 49″ repeat and made by the engraver into a two way repeat by turning the motors. On May 24, 1971, plaintiff published the design, and on August 4, 1971, the Register of Copyrights granted Copyright No. H 44978. It is this copyrighted design which is the subject of this suit.

Since some time before May 24, 1971, plaintiff has converted griege goods into printed textiles which bear an imprint of the copyrighted design and the copyright legend. Plaintiff has advertised, offered for sale and sold approximately 100;000 yards of this material to manufacturers of women's garments and to others.

According to defendant, some time in May, 1971 an officer of the defendant bought several design patterns, including a pattern which plaintiff asserts infringes on its copyright, from R & S Associates, a design studio located on 7th Avenue in New York City. The defendant's officer testified that certain details of the design in question had been specified by the defendant, including the layout of the figures selected, but that the studio supplied the color scheme. An artist who has been in the textile design business for forty years and is employed by the studio testified that he had designed both the figures portrayed in the design and their array from sources within the studio, that is from a library or collection of designs created by other studio artists or shown on greeting cards and other printed materials. He denied that he had copied or printed plaintiff's design or pattern or that he had ever copied any design or pattern printed on fabric. He testified that he guarantees the originality of his designs by his word.

The only issue tried was whether or not defendant's design infringes on plaintiff's copyright. No issue exists as to the validity of plaintiff's copyright.

■ It taxes credulity beyond belief to suggest that the defendant and its designer were not exposed to the plaintiff's pattern in advance of the creation of the defendant's design and were unaware of its motif, layout, color scheme and distribution. The effect achieved by the defendant through its design is materially the same as that of plaintiff's design and the two designs are confusingly similar. It is true that defendant's design is built around figures of dogs whereas the copyrighted design is built around cats, but apart from and despite this difference the designs are essentially the same. The strikingly similar treatment supplied in defendant's product could only have been "created" through a prior view of plaintiff's product. Moreover, defendant's evidence to the contrary is uncorroborated and is not worthy of belief.

Thus, defendant's product is what the trade popularly describes as a "knock off" of plaintiff's product which commercially interferes with and impairs the value of that product. Clearly, defendant sought a "free ride" on plaintiff's creation and promotion of its copyrighted design. *Cf.* Flexitized, Inc. v. National Flexitized Corporation, 214 F. Supp. 664, 673–674, (S.D.N.Y.1963) (Tyler, J.), aff'd 335 F.2d 774 (2d Cir. 1964), cert. denied, 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965).

■■ The source of defendant's inspiration in creating his strikingly similar design does not, however, necessarily determine the legal issue. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960); Condotti, Inc. v. Slifka, 223 F.Supp. 412, 415 (S.D.N.Y.1963). The "ultimate test" of infringement was recently stated in Concord Fabrics, Inc. v. Marcus Brothers Textile, 409 F.2d 1315, 1316 (2d Cir. 1969) to be "whether an average lay observer would find a substantial similarity in the designs, recognizing the copy as an appropriation of the copyrighted work". This language is somewhat different from that of Judge Hand in Peter Pan Fabrics, Inc. v. Martin Weiner Corp., *supra*, where the test was stated to be whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same". These two statements of the test are as essentially the same as the designs of the plaintiff and defendant, and, under either, defendant's product clearly infringes plaintiff's copyright.

The differences between the two designs to which the defendant's witnesses called attention are insubstantial. The average person would consider the motif, layout and general appearance as the same even though the details are not identical.

Uses for which the designs are intended are basically the same. Both designs have the same general color combina-

tions and configurations. *See* Scarves by Vera, Inc. v. United Merchants and Manufacturers, Inc., 173 F.Supp. 625, 627 (S.D.N.Y.1959). The defendant's design does not contain sufficient variance to give it a different overall appearance and aesthetic appeal when the fabrics are made into garments. The ordinary observer, unless he or she set out to detect the disparities, would be disposed to overlook them and regard their appeal as the same.

The evidence in the case indicates that plaintiff has suffered cancellations of orders for its product because cheaper garments with the defendant's design have appeared in the market. Two customers have actually replaced 6,000 yards of the fabric patterned with plaintiff's design with fabric bearing the design of the defendant. The defendant has made, up to the present time, only one printing of not more than 10,000 yards of goods utilizing its design. This fabric came to the market in the first or second week of August, 1971.

The issues of credibility arising herein from the sharply conflicting evidence are resolved in favor of the plaintiff and against the defendant.

The plaintiff has sustained its right to an injunction prohibiting the defendant from infringing the plaintiff's copyright and from utilizing commercially any textiles imprinted with the design under attack in this case. The acts of the defendant constitute inequitable conduct, unfair trade practice and unfair competition amounting to a misappropriation of both plaintiff's goodwill and the benefit of plaintiff's skill and expenditures in the development and promotion of its distinctive design and color combinations.

An appropriate judgment under Fed. R.Civ.P. 65(d) shall be submitted for the Court's consideration on 7 days notice which shall provide that the issue of the amount of damages payable by defendant is referred to a Magistrate of this Court, to hear and report thereon.

So ordered.