**WALCO PRODUCTS, INC., Plaintiff,**

v.

**KITTAY & BLITZ, INC., et al., Defendants.**

**No. 72 Civ. 2688.**

United States District Court, S. D. New York.

July 31, 1972.

Cooper, Dunham, Clark, Griffin & Moran, R. Bradlee Boal, Norman H. Zivin, New York City, for plaintiff.

Demov, Morris, Levin & Schein, Joel J. Spector, Kenneth M. Block, New York City, for defendants.

## MEMORANDUM

BRIEANT, District Judge.

Plaintiff, by an order to show cause issued June 23, 1972, by Judge Gurfein of this Court, seeks a preliminary injunction, pending trial, to enjoin defendants and their privies from manufacturing, selling, publishing, distributing, offering for sale and otherwise marketing

or causing to be manufactured, published, sold or distributed, in any fashion, certain Christmas tree ornament kits, and related photographs, catalogues and books copied from plaintiff's copyrighted work of art, photograph, kit package, book and catalogue. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1400.

Plaintiff and defendant Kittay & Blitz, Inc., are both New York corporations. The individual defendants are officers of Kittay & Blitz, Inc.

Plaintiff's complaint contains nine causes of action. The first five relate to plaintiff's Christmas tree ornament "#3406", and the "#3406" kit which is sold to the public, in component parts, for assembling by the purchaser.

The first claim alleges that defendants' have infringed plaintiff's copyright by manufacturing and selling kits copied from plaintiff's work of art "#3406".

The second claim alleges that defendants published a catalogue, copying in two-dimensional form plaintiff's three-dimensional work of art "#3406".

The third claim alleges that defendants have sold and manufactured a kit so as to induce infringement of plaintiff's copyrighted work of art.

The fourth claim alleges that defendants infringed plaintiff's copyrights by manufacturing and selling kits and photographs copied from plaintiff's photograph of its "#3406" work of art.

The fifth claim alleges that defendants have infringed plaintiff's copyright in its kit package by selling Christmas tree ornament kits copied from plaintiff's kit package.

Plaintiff also asserts that defendant infringed upon the copyrights that plaintiff obtained for its catalogues by publishing a catalogue containing similar components and by manufacturing and distributing ornament kits similar to those shown in plaintiff's catalogues. A cause of action is also asserted, charging unfair competition and "palming off."

Specifically, defendants are said to be infringing the following duly registered copyrighted works:

1. "#3406 Sequin Facets"—a Christmas tree ornament

2. a photograph entitled "#3406 Sequin Facets"

3. a kit package known as "Christmas Tree Ornamental Kit #3406", containing the components of the ornament for home assembly

4. a book known as "Walco Christmas Tree Ornaments", showing #3406 and other designs

5. a catalogue known as "Walco Catalogue 1971–72", showing #3406 and other designs

There are not present here such disputed facts which would require a hearing to take testimony on this application. The Court may resolve the issues for purposes of this motion, by reliance on the sworn admissions of defendants, the undisputed portions of plaintiff's affidavits, and most particularly, a visual inspection, by the Court, of the infringing articles as compared with the plaintiff's goods.

Plaintiff has been engaged in the business of designing, manufacturing and selling Christmas tree ornaments since 1965. It supplies jobbers, wholesalers, retailers and others who, in turn, sell to the general public. Plaintiff's ornaments are sold as kits, containing ornament components, for assembly at home by the retail customer. The kits are sold in a clear plastic bag, also containing an instruction sheet and a photograph of the assembled ornament. A "header" of stiff paper is attached to the plastic bag, to close it. A multi-colored photographic representation of the ornament in assembled form is printed on the header. The plaintiff's "#3406 Sequin Facets Kit" bears the proper statutory copyright notice on each header. No other ornament or kit involved in this litigation carries the requisite notice.

Plaintiff alleges that it has been a pioneer in the development of such Christmas tree ornament kits, and that there is presently, as a result of its efforts, a substantial nationwide market for the product.

Kittay & Blitz, Inc., is primarily engaged in the business of importing metal findings, chain pearls, beads, sequins, rhinestones, semi-precious stones and allied products. It sells these products to manufacturing jewelers, embroiders, hobby craft wholesalers and many others in connected industries. Its products are distributed on a national scale.

Defendants commenced their ornament operations last year. During the summer of 1971, the corporation expanded its line to include holiday ornaments. Defendant Blitz, on a regular business trip to Japan, agreed to purchase the ornaments of a local Japanese manufacturer. Subsequently, the design for the header and a brochure showing the line were forwarded to Japan and printed there.

About June 7, 1972, plaintiff learned that defendants were distributing a printed catalogue, in color, with illustrations of its ornaments, and on June 21, 1972, it obtained samples of the copied ornaments.

Defendants are promoting their sales by distributing to the trade a catalogue entitled "1972 Holiday Ornament Kits". Several of the ornaments offered for sale therein are obvious "knock-offs" of plaintiff's works or designs. Plaintiff has promoted the sale of its ornaments and kits by a catalogue entitled "Walco Christmas Tree Ornaments", copyrighted in 1969, and later by copyrighted catalogues entitled "Walco Catalogue 1971–72", and thereafter "Walco Catalogue 1972–73".

■ Defendants' "knock-offs" were admittedly manufactured for it by an unnamed Japanese manufacturer. There exists a serious issue as to whether the ornaments and kits were in fact copied from products known to be distributed by "Lee Wards", a trade name

for Dexter Thread Mills, Inc., of Elgin, Illinois. Dexter is a substantial customer of Walco and buys these ornaments from Walco. The ornaments and kits were made specifically at defendant Blitz' direction. Indeed, defendants may have believed that the designs were those of Ward, and not those of plaintiff's, but this will not excuse copying. (See affidavit of Richard Blitz, sworn to July 18, 1972.) That the copying was unintentional is no excuse, since it is the result and not the intention that determines the question of infringement. Witmark v. Calloway, 22 F.2d 412 (E.D. Tenn.1927); Buck v. Jewell-LaSalle Realty Co., 283 U.S. 191, 51 S.Ct. 410, 75 L.Ed. 971 (1931); DeAcosta v. Brown, 146 F.2d 408 (2d Cir. 1944), cert. denied 325 U.S. 862, 65 S.Ct. 1197, 89 L.Ed. 1983 (1945). The true source of the copying, however, need not be determined now.

The statutory basis for the relief requested provides: "If any person shall infringe the copyright in any work * * * such person shall be liable: (a) To an injunction restraining such infringement". 17 U.S.C. § 101. The remedy is to be granted "according to the course and principles of courts of equity, on such terms as said court or judge may deem reasonable." 17 U.S.C. § 112.

■■ Christmas ornaments, actively sold in December, enter the channels of commerce in the summer months. At this time of year particularly, the consequences of withholding injunctive relief are likely to be more serious to the plaintiff than the consequences would be to the defendants, if granted. Delay pending trial may be fatal to plaintiff's copyright protection. See Peter Pan Fabrics, Inc. v. Brenda Fabrics, Inc., 169 F.Supp. 142 (S.D.N.Y.1959). Plaintiff need not make out his entire case on this motion and show conclusively that he would be entitled to final judgment. It is enough if he establish a *prima facie* case as to the validity of his copyright and its infringement, in which event a temporary injunction will issue.

American Code Co. v. Bensinger, 282 F. 829 (2d Cir. 1922); Houghton Mifflin Company v. Stackpole Sons, Inc., 104 F. 2d 306, cert. denied 308 U.S. 597, 60 S. Ct. 131, 84 L.Ed. 499 (1939). Here, defendants do not contest the validity of plaintiff's copyrights. Furthermore, where, as here, a plaintiff makes out a *prima facie* case of copyright infringement, it is entitled to a preliminary injunction even without a detailed showing of danger of irreparable harm. Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F. 2d 851 (2d Cir. 1967), cert. dismissed, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed.2d 56; Joshua Meier Co. v. Albany Novelty Mfg. Co., 236 F.2d 144 (2d Cir. 1966). However, in the instant action there is substantial danger of a loss of good will and future sales in this seasonal market for Christmas tree ornaments which is likely to be exhausted within weeks. See Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955).

■ It is also alleged, without contradiction, that defendants' product is "inferior". A copyright owner is presumed to suffer irreparable damage when his right to the exclusive use of copyrighted material is invaded. See Robert Stigwood Group Ltd. v. Sperber, 457 F.2d 50 (2d Cir. 1972).

Plaintiff's kit, "#3406", and the ornament, individually, are both protected under the federal copyright laws. The requisite notice requirement was fully complied with and there was a publication of the works.

■ I find that there is a substantial likelihood that defendants have infringed plaintiff's copyright as to the work of art entitled "#3406 Sequin Facets" by manufacturing, publishing, distributing, offering for sale and selling Christmas tree ornamental kits or works of art copied from plaintiff's work of art and by selling components of a work of art in kit form to be assembled by the purchaser of the kit into a work of art substantially copied from plaintiff's copyrighted work of art so as to induce infringement of plaintiff's

work. Having so found, it is unnecessary, for the purposes of this motion, to determine whether there is a likelihood of copying through the medium of defendants' 1972 catalogue.

The average lay observer would find a substantial similarity in the designs. It is obvious on visual examination that the copy is an appropriation of the copyrighted work. Concord Fabrics, Inc. v. Marcus Bros. Textiles, 409 F.2d 1315 (2d Cir. 1969). The differences between the designs are insubstantial. Loomskill, Inc. v. Stein & Fishman Fabrics, Inc., 332 F.Supp. 1288 (S.D.N.Y. 1971).

Copying necessarily implies the appropriation of another's work after having had access to it. Since plaintiff's work was on display in Japan and at the Hobby Industry Association of America Show in Chicago in February, 1972, and defendants were present at both times, copying could have easily occurred. Indeed, it appears that it must have. See Miller Studio, Inc. v. Pacific Import Co., 39 F.R.D. 62 (S.D.N.Y.1965).

■ There likewise appears the strong possibility that defendants have infringed plaintiff's catalogue by substantially copying in three dimensional form the two dimensional illustrations of the ornaments contained in plaintiff's catalogue "Walco Christmas Tree Ornaments". Their catalogue, "1972 Holiday Ornament Kits", apparently copies a number of ornamental illustrations shown in plaintiff's catalogues. The Copyright Act, 17 U.S.C. § 3, protects each of the component portions of a catalogue. Mail & Express Co. v. Life Publishing Co., 192 F. 899 (2d Cir. 1912); Hedeman Prods. Corp. v. Tap-Rite Prod. Corp., 228 F.Supp. 630 (D.N.J.1964); Markham v. A. E. Borden Co., 206 F.2d 199 (1953); DaPrato Statuary Co. v. Giuliani Statuary Co., 189 F. 90 (C.C.D.Minn.1911).

While there are no copyright notices on plaintiff's ornaments #3172, 3173 and 4143, that is of no moment in the instant action. The infringement in-

volved herein concerns the copying not from the ornaments themselves but from the copyrighted catalogues. The substance of a design produced through a different medium is likewise prohibited. King Features Syndicate v. Fleisher, 299 F. 533 (2d Cir. 1924); Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc., 73 F.2d 276 (2d Cir. 1934); Falk v. Howell, 37 F. 202 (C.C.S.D.N.Y.1888).

Defendants have apparently infringed plaintiff's copyrighted work of art by reproducing in two-dimensional form the works found in its catalogues and advertising materials as well. A comparison of plaintiff's copyrighted photograph with defendants' catalogue likewise shows a possibility of copying. The motif, layout and general appearance are so similar, and the differences so insubstantial, as to permit no other inference.

■ While defendant agrees to "temporarily halt" its activities with respect to the "#3406 Sequin Facets", an injunction is still appropriate. The threat of actual infringement in the future is not eliminated by such an equivocal representation. Plaintiff should not be forced to rely on the voluntary undertaking of the defendant not to resume infringement. He remains entitled to an injunction where, as here, there is any substantial risk of further infringement. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 173 F.Supp. 292 (S.D.N.Y. 1959), aff'd 274 F.2d 487 (2d Cir. 1960); United Merchants & Manufacturers, Inc. v. Sutton, 282 F.Supp. 588 (S.D.N.Y.1967). Defendants' promise of temporary relief is insufficient.

■ The motion for a temporary injunction pending trial is granted as prayed for with respect to defendants' items #6009 "Oriental Pagoda", #6011M "Bouquet of Beauty", #6006M "Shine and Sparkle", and #6010M "Sugar Plum", which were apparently respectively copied from plaintiff's #3406 "Sequin Facets", #3172 "Tribead Tantalizer", #3173 "Glitter & Glisten" and #4143 "Mini-Glitter & Glisten."

This injunctive relief will not extend to defendants' #6002M, "Jingle Bell" because a visual inspection of that product, compared with plaintiff's (Exhibit 16 on the motion) is not so all compelling with respect to the issue of copying. As to the others, while the initial fault may be that of the anonymous Japanese manufacturer, the conclusion of copying is inescapable.

The foregoing constitutes the findings of fact and conclusions of law of this Court, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Settle order on notice in Part I of this Court, which shall provide for a bond in the amount of $20,000.00.